UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARLOS GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:21–cv–36–KJM-KJN PS<br><br>ORDER |

In January 2021, plaintiff, who is proceeding without counsel, filed his claims against defendants, paid the filing fee, and executed service. On April 19, defendants filed a motion to dismiss, noticing the motion for a May 20, 2021 hearing before the undersigned.[1] (ECF No. 9.) Under the Court's Local Rules, plaintiff was obligated to file and serve written opposition (or statement of non-opposition) to defendants' motion at least fourteen days prior to the hearing date: or May 6, 2021. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the [] hearing date."). A review of the court's docket reveals plaintiff failed to do either by the deadline.

///

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

"Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. Moreover, Local Rule 183(a) provides in relevant part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing [without counsel]. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[2] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

///

---

[2] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

Plaintiff's failure to file opposition to defendant's motion is in violation of Local Rules 110, 183(a), and 230(c), as noted above. Further, plaintiff's failure indicates to the court that plaintiff may be consenting to the dismissal of his case. See Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). Thus, plaintiff's claims are subject to dismissal. However, given plaintiff is proceeding without counsel, the court does not recommend dismissal at this time. Instead, the court provides one final opportunity for plaintiff to respond to defendants' motion to dismiss (or to file a statement of non-opposition thereto). Any further failure to respond to defendants' motion will be construed as non-opposition and will constitute additional grounds for dismissal under Rule 41(b).

Finally, Local Rule 230(c) states "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . ." Therefore, the hearing on defendants' motion is vacated, and after the expiration of the deadlines below, the court will decide the motion on the record and written briefing only.

Accordingly, IT IS HEREBY ORDERED that:

1. The May 20, 2021 hearing on defendants' motion (ECF No. 9) is VACATED;
2. Plaintiff shall file a written opposition to the motion to dismiss (or a statement of non-opposition), on or before June 1, 2021. Failure to do so will be deemed a statement of non-opposition to defendants' motion and consent to the granting of the motion, and shall constitute an additional ground for the imposition of sanctions, including a recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b);
3. Defendant may file a written reply to plaintiff's opposition within one week after plaintiff's motion is filed. The court will take this matter under submission after this date; and
4. The initial scheduling conference set for June 10, 2021 is VACATED.

Dated: May 11, 2021

ferr.264

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3