UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARLOS GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:21–cv–36–KJM-KJN PS<br><br>ORDER STAYING CASE |

Plaintiff, proceeding without counsel, alleges multiple causes of action against the City and County of Sacramento and individual law-enforcement officers of those entities. (ECF No. 1.) Plaintiff's claims center on the conduct of officers during his 2009 arrest and detention related to the death of a Riverside County man.

Defendant County moved to dismiss, arguing among other things that plaintiff's claims are barred by the statute of limitations. (ECF Nos. 9, 10.) Therein, the County also noted plaintiff is currently being prosecuted in Riverside County Superior court for crimes stemming from the arrest in question. The individual defendants joined the County's motion. (ECF No. 13.) Plaintiff opposed dismissal, arguing that because his original conviction was vacated and he expects the current trial to end in dismissal or acquittal, he can bring his civil rights claims against defendants because the statute of limitations should be tolled for each claim under Heck v Humphrey, 512 U.S. 477 (1994). (ECF No. 15.)

1

Setting aside defendants' other arguments in their motions to dismiss, a disposition on some of plaintiff's claims requires knowledge of the outcome of the current criminal trial against plaintiff, which is currently ongoing in Riverside County. See State v. Garcia, INF064492, Next Action: Trial Readiness Conference 6/17/2022.  Case law indicates some civil rights claims are not tolled during the pendency of a criminal trial, as the outcome of those claims are wholly independent from the criminal trial. See, e.g., Mills v. City of Covina, 921 F.3d 1161 (9th Cir. 2019).  However, other civil rights claims are inexorably tied to the proceedings in the criminal trial, and thus require knowledge of the outcome of that trial. See, e.g., Bradford v. Scherschligt, 803 F.3d 382 (9th Cir. 2015).  Given the breadth of plaintiff's claims, and the fact that the criminal trial has yet to conclude (either in a conviction or dismissal/acquittal), the undersigned finds it prudent to stay this case in the interests of judicial economy. See, e.g. Wallace v. Kato, 549 U.S. 384, 393-94 (2007).  In doing so, the court expresses no opinion on the merits of any of plaintiff's claims or the parties' arguments related to the motions to dismiss.  Rather, the court believes all parties will be best served with a ruling on the merits of each of plaintiff's claims in this case—which requires knowledge of the outcome of the criminal trial.

**ORDER**

It is HEREBY ORDERED that:

1. All pleading, discovery, and motion practice in this action are STAYED pending resolution of plaintiff's criminal trial; and
2. Within 60 days of the conclusion of plaintiff's criminal trial, the parties shall submit a joint statement indicating their positions on how this civil case should proceed.

Dated: April 26, 2022

garc. 36

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE