1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL CARLOS GARCIA,                    No.  2:21–cv–36–KJM-KJN PS

12                 Plaintiff,                 FINDINGS AND RECOMMENDATIONS

13        v.                                  (ECF Nos. 9, 13.)

14   CITY OF SACRAMENTO, et al.,

15                 Defendants.

16

17        Plaintiff, proceeding without counsel in this action, alleges multiple causes of action

18   against the City and County of Sacramento and individual law-enforcement officers of those

19   entities.  (ECF No. 1.)  Plaintiff's claims center on the conduct of officers during his 2009 arrest

20   and detention related to the murder of a Riverside County man.  Currently before the court is a

21   motion to dismiss from Sacramento County and former Sheriff McGinnis, which was joined in

22   relevant part by the City of Sacramento and the named officers thereof.[1]  (ECF Nos. 9, 13.)

23   Plaintiff generally opposes dismissal.  (ECF No. 15.)

24        The undersigned recommends:  (A) all claims against defendant McGinnis be dismissed

25   with prejudice; (B) claims I, II, VII, VIII, IX, X, and XII be dismissed without prejudice as Heck

26   barred; and (C) claims III, IV, V, VI, and XI be dismissed with prejudice as time-barred.

27   _____

28   [1] This motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule
     302(c)(21) for the issuance of findings and recommendations.  See Local Rule 304.

1

### Background[2]

2          According to the complaint, in March of 2009, plaintiff was arrested by detectives from

3 the Sacramento City Police Department pursuant to an out-of-county arrest warrant issued in a

4 Riverside County criminal case.  (ECF No. 1 at ¶ 1-2.)  Three city detectives allegedly entered a

5 third party's private residence without a warrant, searched the premises, arrested plaintiff,

6 interrogated him without notifying him of his Miranda rights, and seized personal property.  (Id.

7 at ¶¶ 181-85 and 191-96.)  After being booked at the Sacramento County jail, these detectives and

8 unnamed county jail officers allegedly rebuffed plaintiff's attempts to contact his attorney.  (Id. at

9 ¶¶ 203-04.)  The detectives and county jail officers allegedly failed to present him with the arrest

10 warrant, to inform him of the charges or amount of bail, to post bail, or to present him to the court

11 within 48 hours of arrest.  Instead, plaintiff was allegedly held in solitary confinement for seven

12 days before being transported to Riverside County.  (Id. at ¶¶ 212-14 and 223-26.)  Plaintiff

13 maintains the personal property has not been returned to him; instead, two city officers transferred

14 the property to the Palm Springs Police Department.  (Id. at ¶¶ 230-34.)  Plaintiff also maintains

15 the city detectives never disclosed certain details related to their seizure of certain physical

16 evidence.  (Id. at ¶¶ 241-45.)

17          Plaintiff was charged with murder, and in 2012 was convicted and sentenced to life in

18 prison without parole.  (Id. at ¶ 7.)  Plaintiff's conviction was overturned in June of 2020 by writ

19 of habeas corpus, based on a claim of judicial bias concerning one of plaintiff's co-defendants in

20 the murder case.  (See ECF No. 11-1.)  Plaintiff was immediately detained pursuant to an

21 amended information and held over for retrial.  (See Id. at 11-2 and -3.)

22

23 ---

[2] Facts from the complaint are construed in the light most favorable to plaintiff—the non-moving party.  Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013).  However, conclusory

24 assertions from the complaint are omitted, as they cannot be relied upon to overcome a motion to dismiss for failure to state a claim.  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009) (In

25 deciding a motion to dismiss for failure to state a claim, the court need not rely on "legal conclusions merely because they are cast in the form of factual allegations.").

26   Further, defendants note the renewed underlying criminal proceedings against plaintiff, and the court notes the docket for these proceedings.  (See ECF Nos. 11 and 12.)  The court finds these

27 public records not subject to reasonable dispute, and so takes notice thereof.  Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (judicial notice may be taken of

28 "undisputed matters of public record . . ., including documents on file in federal or state courts").

2

Plaintiff filed suit in this court on January 7, 2021, alleging the following claims:

I.      Section 1983 claim for denial of counsel and interrogation without being
        Mirandized, Fifth and Sixth Amendments;
II.     Section 1983 claim for warrantless search, Fourth Amendment;
III.    Cal. Civ. Code § 52.1 claim for denial of counsel;
IV.     Cal. Civ. Code § 52.1 claim for denial of bail hearing;
V.      Cal. Civ. Code § 52.1 claim for delay in arraignment;
VI.     State Tort Claim for Conversion/"Trespass to Personal Property";
VII.    Section 1983 claim for failure to disclose evidence, Fourteenth Amendment;
VIII.   Section 1985 claim for "conspiracy to violate civil rights";
IX.     Section 1983 <u>Monell</u> claim for failure to train/supervise/discipline officers;
X.      Section 1983 "supervisory liability" claim;
XI.     Cal. Gov. Code § 815.2 claim for respondeat superior/vicarious liability; and
XII.    A "claim" for injunctive and declaratory relief.

(<u>Id.</u> at ¶¶ 175-281.)  Plaintiff names Detectives Steve Hansen, Richard Hitchcock, and Steve Glen as the detectives who effectuated his arrest in 2009; Officers A. Richardson and D. Poirier as the two officers in control of the seized property; and various City and County Doe officers who were additionally responsible for the various alleged acts.  (<u>Id.</u> at ¶¶ 20-24, 26.)  Plaintiff also names multiple chiefs of police and county sheriffs, as well as the City and County of Sacramento, as related to the Monell and failure to train claims.  (<u>Id.</u> at ¶¶ 15-19, 25.)

Defendants Sacramento County and former Sheriff McGinnis ("County Defendants") filed a motion to dismiss in April 2021, arguing:  (a) certain claims are barred by the relevant statute of limitations; (b) the court should apply <u>Younger</u> abstention to certain claims, given plaintiff's retrial; (c) plaintiff's state-law claims are barred for failure to comply with the California Tort Claims Act; and (d) the complaint fails to allege plausible facts against Sheriff McGinnis under Section 1983 or the Bane Act.  (<u>See</u> ECF No. 9.)  The remaining officers and City of Sacramento ("City Defendants") joined the County's motion to dismiss in relevant part.  (ECF No. 13.)  In his opposition, plaintiff consented to dismissal of all claims against Sheriff McGinnis, clarified that only claims 3-5 and 9-12 applied to the County Defendants, and otherwise generally opposed dismissal.  (ECF No. 15.)  The County Defendants replied.  (ECF No. 16.)

Given the ongoing criminal proceedings and for judicial efficiency, the undersigned stayed this case.  (ECF No. 17.)  Plaintiff was again convicted in late 2023.  (<u>See</u> Ex. 1 to this order (Riverside County criminal docket, Case No. INF064492).)

3

1    **Legal Standards - Motion to Dismiss**

2         A claim may be dismissed because of the plaintiff's "failure to state a claim upon which

3    relief can be granted." Rule 12(b)(6).[3]  To avoid dismissal for failure to state a claim, a complaint

4    must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of

5    the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).

6    Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to

7    relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has

8    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

9    reasonable inference that the defendant is liable for the misconduct alleged." Id.

10        When considering whether a complaint states a claim upon which relief can be granted,

11   the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94

12   (2007), and construe the complaint in the light most favorable to the plaintiff.  See Papasan v.

13   Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true

14   "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"

15   or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v.

16   CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  The court inform plaintiff of deficiencies in the

17   complaint and provide an opportunity to cure—if it appears at all possible that the plaintiff can

18   correct the defect.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

19        In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court may "generally

20   consider only allegations contained in the pleadings, exhibits attached to the complaint, and

21   matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506

22   F.3d 895, 899 (9th Cir. 2007).  Although the court may not consider a memorandum in opposition

23   to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see

24   Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998), it may consider

25   allegations raised in opposition papers in deciding whether to grant leave to amend.  See, e.g.,

26   Broam v. Bogan, 320 F.3d 1023, 1026 n. 2 (9th Cir. 2003).

27

28   [3] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

1

### Analysis

2

#### A.  Consent to Sheriff McGinnis's Motion to Dismiss

3      In the complaint, Claims III, IV, and V (for alleged denial of counsel, denial of bail, and

4    delay in arraignment under the California Bane Act), and, liberally construed, Claim XII (for

5    injunctive and declaratory relief) were alleged against former Sacramento County Sheriff

6    McGinnis.  (See ECF No. 1.)  McGinnis moved to dismiss with prejudice all claims against him,

7    and plaintiff agreed in his opposition that McGinnis "should be dismissed from the action and

8    consents to that disposition as to him only."  (ECF No. 15 at 2.)  McGinnis replies that because of

9    this concession, the court should dismiss McGinnis with prejudice.  (ECF No. 16. at 2-3.)  Under

10   Rule 41(a), voluntary dismissals without a court order are generally without prejudice, unless

11   stated otherwise.  See Fed. R. Civ. P. 41(a)(1)(B).  Thus, because plaintiff consented to defendant

12   McGinnis's motion to dismiss all claims with prejudice, the court finds this to be the proper

13   resolution and so recommends.

14

#### B.  Heck v Humphrey and Statute of Limitations for Federal Claims

15      Section 1983 authorizes civil actions for the "deprivation of any rights . . . secured by the

16   Constitution and laws" against a party acting under color of state law.  42 U.S.C. § 1983.

17   California's Bane Act performs a similar function for both federal and California state law.  Cal.

18   Gov. Code § 52.1.  Sections 1983 and 1985 contain no statute of limitations, so federal courts in

19   California typically apply the state's "statute of limitations for personal injury actions, along with

20   the forum state's law regarding tolling."  Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th

21   Cir. 2007); see also McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991)

22   (holding that Section 1985 claims should be governed by the same statute of limitations as 1983

23   claims).  In California, the limitations period for personal-injury styled claims under these statutes

24   is two years.  Cal. Civ. Pro. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004)

25   (applicable statute of limitations for Section 1983 actions is drawn from forums state's limitations

26   period for personal injury actions; in California, a two-year limitations period was made effective

27   as of January 1, 2003).

28   ///

However, certain claims under Section 1983 do not accrue, for statute of limitations purposes, while an underlying conviction or sentence is in effect.  Heck v. Humphrey, 512 U.S. 477, 489-90 (1994) ("[A Section] 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").  "[W]hen the plaintiff has a complete and present cause of action [is] when the plaintiff can file suit and obtain relief."  Wallace v. Kato, 549 U.S. 384, 388 (2007) (noting the accrual date of a Section 1983 cause of action is a question of federal law); see also Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) ("A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (cleaned up).  Thus, dismissal without prejudice for unaccrued claims is proper so the plaintiff/criminal-defendant "may reassert his claims if he ever succeeds in invalidating his conviction."  Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).  Conversely, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit."  Heck, 512 U.S. at 487.

Here, given the assertions in the complaint, plaintiff's federal claims have yet to accrue, as success on the merits of these claims could "demonstrate the invalidity of any outstanding criminal judgment."  Heck, 512 U.S. at 487.  This includes Claim I (Section 1983 claim for officer's failure to read Miranda warning prior to custodial interrogation and failure to provide counsel during interrogation and during pretrial proceedings, Fifth and Sixth Amendments); Claim II (Section 1983 claim for warrantless search under the Fourth Amendment); Claim VII (Section 1983 due process claim under the Fourteenth Amendment for failure to disclose evidence); and Claim VIII (Section 1985 claim for "conspiracy to violate civil rights").  See Trimble v. City of Santa Rosa, 49 F.3d 583, 584-85 (9th Cir. 1995) (per curiam) (finding Fifth Amendment claim alleging officer's failure to read Miranda warnings barred by Heck); Szajer v. City of Los Angeles, 632 F.3d 607, 611-12 (9th Cir. 2011) (concluding Fourth Amendment unlawful search claim Heck barred because a finding that there was no probable cause for the search would necessarily imply the invalidity of plaintiffs' conviction for felony possession of a

1   pistol); <u>Bradford v. Scherschligt</u>, 803 F.3d 382 (9th Cir. 2015) (finding due process claim related

2   to evidence tampering had yet to accrue, despite overturning of plaintiff's conviction, where

3   plaintiff was retried for the same crime and the state could have used the same evidence against

4   the plaintiff); <u>McQuillion v. Schwarzenegger</u>, 369 F.3d 1091, 1098 (9th Cir. 2004) (holding that

5   "<u>Heck</u> applies equally" to claims brought under Section 1985); <u>see also, e.g.</u>, <u>Trice v. Modesto</u>

6   <u>City Police Dep't</u>, 2009 WL 102712, at *4 (E.D. Cal. Jan. 14, 2009) (finding violations of the

7   plaintiff's right to counsel, if made out, would necessarily bear upon the invalidity of his

8   conviction and thus are barred by <u>Heck</u>).  Further, any <u>Monell</u> or "supervisory liability" claims

9   (Claims IX and X) based on the above individual civil rights claims also should be dismissed

10   without prejudice.[4]  <u>Johnson v. City of Seattle</u>, 474 F.3d 634, 638-40 (9th Cir. 2007) (reminding

11   that <u>Monell</u> claims require "an underlying constitutional tort").

12          Finally, regarding plaintiff's Claim XII for declaratory and injunctive relief, this "claim"

13   is better construed as a request for remedies under other claims.  <u>See, e.g.</u>, <u>Henry v. Gerber Prod.</u>

14   <u>Co.</u>, 2016 WL 1589900, at *4 (D. Or. Apr. 18, 2016) ("[A]n injunction is a type of relief, not a

15   separate cause of action."); <u>Curtis v. Option One Mortg. Corp.</u>, 2010 WL 1729770, at *8 (E.D.

16   Cal. Apr. 28, 2010) ("Under Federal law, an injunction is a remedy to another claim or cause of

17   action and not a claim or cause of action in and of itself.").  Given plaintiff could theoretically

18   request these kinds of relief under any reasserted, post-<u>Heck</u> bar federal claims, the court

19   recommends dismissal of Claim XII without prejudice.

20          Thus, the court recommends dismissal without prejudice of Claims I, II, VII, VII, IX, X,

21   and XII.  <u>Trimble</u>, 49 F.3d at 585.

22

23   [4] Plaintiff's Claim X for "supervisory liability" under Section 1983 is defunct, as this kind of
     claim is barred by law.  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under

24   [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is
     only liable for the constitutional violations of . . . subordinates if the supervisor participated in or

25   directed the violations, or knew of the violations and failed to act to prevent them.  There is no
     respondeat superior liability under [§] 1983.").  However, given that the court recommends

26   plaintiff's <u>Monell</u> claim (Claim IX) should be dismissed without prejudice pursuant to <u>Heck</u>, a
     similar disposition is recommended here for Claim X.  This is because, liberally construed,

27   certain portions of Claim X could be cognizable under a <u>Monell</u> theory—should plaintiff
     overcome the <u>Heck</u> bar.

28

**C. Compliance with California Tort Claims Act**

Plaintiff's remaining claims arise under state law and are dismissible for a separate reason: failure to comply with California's Tort Claims Act.  See Cal. Gov. Code § 945.4.  To comply, a plaintiff must present the civil claims for money damages to the public entity prior to filing suit. S.M. v. L.A. Unified Sch. Dist., 184 Cal. App. 4th 712, 717 (2010).  "[C]ompliance with the claims statutes is mandatory; and failure to file a claim is fatal to the cause of action."  Hacienda La Puente Unified School Dist. v. Honig, 976 F.2d 487, 494 (9th Cir. 1992); see also State of California v. Superior Court, 32 Cal.4th 1234, 1240–44 (2004).

Nowhere in the complaint is it alleged plaintiff presented any of his state law claims to the City or County prior to filing suit.  Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("Where compliance with the Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to [dismissal].").  Plaintiff contends in opposition that he did, in fact, submit these claims to the City and County. (ECF No. 15.)  However, the court notes that in plaintiff's request for judicial notice, these claims were not submitted to the City or County until after this case was filed.  (Cf. ECF No. 1 (Complaint, filed January 7, 2021); with ECF Nos. 15-1 at ¶¶ 5-9; 15-3 at Ex. D-H (alleging notices were submitted to City and County defendants in late January and early February of 2021).)  Thus, the following claims should be dismissed:  Claim III (Cal. Civ. Code § 52.1 claim for denial of counsel); Claim IV (Cal. Civ. Code § 52.1 claim for denial of bail hearing); Claim V (Cal. Civ. Code § 52.1 claim for delay in arraignment); Claim VI (claim for conversion/"trespass to personal property"); and Claim XI (Cal. Gov. Code § 815.2 claim for respondeat superior and vicarious liability).  (ECF No. 1 at ¶¶ 199-238 and 273-76.)   This dismissal applies equally to the entity defendants as to the individual defendant officers, who are alleged to be public employees of the City and County.  Cal. Gov't Code § 950.2 (requiring exhaustion for actions brought against public employees for injuries caused within the scope of their employment if such an action would be barred against her employer); see also Doyle v. Cal. Dep't of Corr. & Rehab., 2014 WL 5524452, at *8 (N.D. Cal. Oct. 31, 2014) ("In order to plead state law negligence claims against the individual CDCR defendants, plaintiff must also affirmatively plead that he has

1    fulfilled the exhaustion requirements of the California Tort Claims Act.").

2              Further, given that plaintiff's claims arising under state law accrued years prior, this

3    dismissal should be with prejudice.  Under California law, a cause of action accrues for purposes

4    of the filing requirements of the Tort Claims Act on the same date a similar action against a

5    nonpublic entity would be deemed to accrue for purposes of applying the relevant statute of

6    limitations.  John R. v. Oakland Unified Sch. Dist., 48 Cal. 3d 438, 444 (1989) (citing Cal. Gov.

7    Code § 901).  Plaintiff would have been aware of the denial of access to counsel, denial of a bail

8    hearing, or denial of arraignment, in 2009 when the alleged deprivations occurred.  See W. Shield

9    Investigations & Sec. Consultants v. Superior Court, 82 Cal. App. 4th 935, 953 (2000) (noting

10   that claims brought pursuant to the California Constitution may be treated as analogous to a

11   federal claim for personal injury under Section 1983); see, e.g., Osborn v. United States, 2023

12   WL 3063127, at *2 (E.D. Cal. Apr. 24, 2023) (finding plaintiff's case based on his Sixth

13   Amendment rights to be time barred, pursuant to Cal. Civ. Pro. § 335, because he would have

14   known of his alleged injury years prior); AmerUS Life Ins. Co. v. Bank of Am., N.A., 143 Cal.

15   App. 4th 631, 639 (2006) (applying § 338(c)(1) in noting three-year statute of limitations for

16   conversion, which commences upon the act of wrongfully taking property).  The statute of

17   limitations for civil rights claims under the Bane Act is two years and is three years for the tort

18   claims against personal property (conversion/trespass to personal property).  Thus, Claims III, IV,

19   V, VI, and XI should be dismissed with prejudice.

20                              **RECOMMENDATIONS**

21        It is HEREBY RECOMMENDED that:

22        1.  The stay in this case be LIFTED;

23        2.  Defendants' Motions to Dismiss (ECF Nos. 9, 13) be GRANTED as follows:

24             a.  All claims against defendant McGinnis be dismissed with prejudice by consent of

25                 the parties;

26             b.  Claims I, II, VII, VIII, IX, X, and XII be dismissed without prejudice as Heck

27                 barred;

28             c.  Claims III, IV, V, VI, and XI be dismissed with prejudice for failure to notify

1      defendants and as time-barred; and

2         3.  The Clerk of the Court be directed to CLOSE this case.

3  These findings and recommendations are submitted to the United States District Judge assigned to

4  the case, pursuant to the provisions of 28 U.S.C. Section 636(b)(l).  Within fourteen (14) days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served on all parties and filed with the court within fourteen (14) days after service of the

9  objections.  The parties are advised that failure to file objections within the specified time may

10  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

11  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

12  Dated:  February 7, 2024

13

14      garc. 36                                   KENDALL J. NEWMAN

15                                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28