1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL CARLOS GARCIA,                       No.  2:21-cv-00036-DAD-CSK (PS)

12                 Plaintiff,

13        v.                                      ORDER DECLINING TO ADOPT FINDINGS
                                                  AND RECOMMENDATIONS LIFTING THE
14   CITY OF SACRAMENTO, et al.,                  STAY IN THIS CASE

15                 Defendants.                    (Doc. No. 21)

16

17          Plaintiff Daniel Carlos Garcia proceeds *pro se* in this action brought pursuant to 42 U.S.C.

18   § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

19   636(b)(1)(B) and Local Rule 302.

20          On February 7, 2024, the previously assigned magistrate judge issued findings and

21   recommendations recommending that the stay in this case be lifted and that defendants' motion to

22   dismiss be granted.  (Doc. No. 21 at 9–10.)  Specifically, the previously assigned magistrate

23   judge found that this federal civil rights action no longer needed to be stayed because "[p]laintiff

24   was again convicted in late 2023." (*Id.* at 3.)  Those findings and recommendations were served

25   on the parties and contained notice that any objections thereto were to be filed within fourteen

26   (14) days after service.  (*Id.* at 10.)  Plaintiff was granted a sixty-one (61) day extension of time to

27   file objections to the findings and recommendations on March 1, 2024.  (Doc. No. 25.)  Plaintiff

28   timely filed his objections on April 30, 2024.  (Doc. No. 27.)

                                                   1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the undersigned will decline to adopt the pending findings and recommendations.

This case had previously been stayed on April 26, 2022 in the "interests of judicial economy[]" because plaintiff was awaiting trial on an underlying state criminal charge.  (Doc. No. 18.)  In his objections, plaintiff contends that this stay should be continued under the *Younger* abstention doctrine because final judgment in his state criminal case has not yet been entered since he has not been sentenced, he has a pending state *habeas corpus* action, and he has a pending federal *habeas corpus* action.  (Doc. No. 27 at 3.)

 "A federal court may abstain under *Younger* in three categories of cases: '(1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a [s]tate's interest in enforcing the orders and judgments of its courts.'"  *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043–44 (9th Cir. 2019) (citation omitted).  "To warrant *Younger abstention*, a state civil action . . . must also satisfy a three-part inquiry: the state proceeding must be (1) 'ongoing," (2) 'implicate important state interests,' and (3) provide an 'adequate opportunity . . . to raise constitutional challenges.'"  *Id.* at 1044 (quoting *Middlesex Cty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  The Ninth Circuit has held that, when *Younger* abstention is granted on damages claims, a stay is required.  *Id.*, at 1043; *Gilbertson v. Albright*, 381 F.3d 965, 968–69 (9th Cir. 2004).

For the reasons explained below, the undersigned finds that *Younger* abstention continues to be warranted in this case.   This is because there remains an ongoing state court criminal proceeding, since petitioner has not yet been sentenced and no final judgment has been entered.[1]  (Doc. No. 27 at 31–34.)   "[C]ourts in the Ninth Circuit have found that application of the *Younger* abstention doctrine hinges on the pending nature of the state criminal matter — not the procedural stage at which the pending state criminal matter is."  *Timberlake v. Santoro*, No. 1:20-

---

[1]  The docket in the Riverside County Superior Court indicates that in the related criminal case, plaintiff 's next appearance is scheduled for November 13, 2024, for an *ex parte* hearing on "disclosure of potential relationship between judge" as well as sentencing.

1  cv-00013-NONE-SKO, 2021 WL 3771802, at *2 (E.D. Cal. Aug. 25, 2021) (collecting cases);

2  *see also Laine v. Cnty. Of Contra Costa*, No. 21-cv-10052-JST, 2022 WL 20275203, at *3 (N.D.

3  Cal. Jan. 5, 2022) (holding that, when plaintiff was convicted but had not yet been sentenced,

4  *Younger* abstention was appropriate); *Embry v. Johnson*, No. 1:21-cv-00082-NONE-JLT, 2021

5  WL 2016049, at *1 (E.D. Cal. May 20, 2021) ("Petitioner's state court judgment is not yet

6  final.") (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (finding that the imposition of

7  sentence is the final judgment in a criminal case)); *cf Torres v. Godwin*, No. 18-cv-9469-JVS-KS,

8  2022 WL 2902777, at *7 (C.D. Cal. May 4, 2022) (holding that abstention was not appropriate

9  when petitioner's direct appeal had already concluded and a final sentence had been imposed, but

10  there was a pending post-conviction petition for resentencing brought under California Penal

11  Code § 1170.95).

12      Moreover, the still pending proceeding in the Riverside County Superior Court implicates

13  an important state interest in that it involves the administration of California's criminal justice

14  system.  *See Bowell v. Paramo*, No. 17-cv-09313-TJH-MAA, 2018 WL 4735721, at *3 (C.D. Cal.

15  Aug. 6, 2018) (citing *Kelly v. Robinson*, 479 U.S. 36, 49 (1986)).

16      Because *Younger* abstention is appropriate and plaintiff seeks damages, the court must

17  maintain the stay on this case.  *Evans v. Hepworth*, 433 F. Supp. 3d 1171, 1179 (D. Idaho 2020)

18  (citing *Gilbertson*, 381 F.3d at 978).[2]

19      Accordingly,

20      1.    The court declines to adopt the pending findings and recommendations issued on

21          February 7, 2024 (Doc. No. 21);

22      2.    All pleading, discovery, and motion practice in this action remain STAYED

23          pending entry of a final judgment in plaintiff's criminal case currently pending in

24          the Riverside County Superior Court; and

25  /////

26

27  [2]  The court need not, and at this time does not, express any opinion as to whether continuation of
the stay would be appropriate if plaintiff's state court judgment of conviction becomes final but

28  his state or federal habeas actions attacking that conviction remain pending.

3

3.      This action is referred back to the newly assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **November 7, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4