**DANIEL CARLOS GARCIA**
1920 Boston Way
Modesto, CA 95355-8918
Tel: (442) 324-3740
DanielCGarciaLegal@outlook.com

*Plaintiff, pro se*

FILED
AUG 26 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**(SACRAMENTO DIVISION)**

| | |
|---|---|
| DANIEL CARLOS GARCIA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SACRAMENTO, CALIFORNIA; JOHN MCGINNESS; DANIEL HAHN; RICHARD (RICK) BRAZIEL; RICHARD (RICK) GAUTIER; STEVE HANSEN; RICHARD HITCHCOCK; STEVE GLEN; AURORA RICHARDSON; DENISE POIRIER; JOHN DOE 1; JOHN/JANE DOES 2-20,<br><br>Defendants. | Case No.: **2:21-CV-00036-DAD-CSK**<br><br>**PLAINTIFF'S MOTION TO LIFT STAY AND FOR ENTRY OF A DISCOVERY AND SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL CARLOS GARCIA; [PROPOSED] ORDER**<br><br>Filed pursuant to the Court's Minute Order of July 31, 2026 (ECF No. 53)<br><br>(Submitted without oral argument — E.D. Cal. L.R. 230(l))<br><br>District Judge: Hon. Dale A. Drozd<br>Magistrate Judge: Hon. Chi Soo Kim |

TO: THE HONORABLE DALE A. DROZD, UNITED STATES DISTRICT JUDGE; AND THE HONORABLE CHI SOO KIM, UNITED STATES MAGISTRATE JUDGE:

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Daniel Carlos Garcia, appearing in pro per, moves this Court for an order (1) lifting the stay entered in this action, and (2) entering a

discovery and scheduling order governing the further conduct of this case. This Motion is made pursuant to the Court's Minute Order entered July 31, 2026 (ECF No. 53), which expressly directs the parties to file *"a motion or joint stipulation to lift the stay,"* and pursuant to Federal Rules of Civil Procedure 16 and 26 and Local Rules 230(l) and 240. Because Plaintiff is incarcerated and appears in pro per, this Motion is submitted on the record without oral argument under Local Rule 230(l), and any opposition is due within twenty-one (21) days of service.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Daniel Carlos Garcia, the complete files and records in this action, and any further evidence or argument the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

No party opposes lifting the stay. Plaintiff is incarcerated, appears without counsel, and has no practical means of negotiating and exchanging signatures on a joint stipulation within the time the Court allowed. He therefore proceeds by motion — the alternative the Court expressly authorized in its Minute Order of July 31, 2026 (ECF No. 53). Plaintiff asks the Court to lift the stay and, because this action has been stayed since 2022 with no answer and no discovery of any kind, to enter a discovery and scheduling order so the case can proceed on the merits.

### II. PROCEDURAL BACKGROUND

1. Plaintiff filed his Complaint on January 7, 2021. (ECF No. 1.) All named Defendants were served in February and March 2021. (ECF No. 5.)

2. On April 19, 2021, Defendants County of Sacramento and John McGinness moved to dismiss. (ECF Nos. 9, 10, 11, 12.) The remaining Defendants — City of Sacramento, Rick Braziel, Richard (Rick) Gautier, Steve Glen, Daniel Hahn, Steve Hansen, Richard Hitchcock, D. Poirier, and A. Richardson — joined that motion on April 26, 2021. (ECF No. 13.) Plaintiff opposed (ECF No. 15), Defendants replied (ECF No. 16), and the motion was submitted without oral argument (ECF No. 14). No Defendant has ever filed an answer.

3. On April 26, 2022, Magistrate Judge Newman stayed all pleading, discovery, and motion practice pending resolution of Plaintiff's criminal trial. (ECF No. 18.)

4. On February 7, 2024, Magistrate Judge Newman issued Findings and Recommendations recommending that the stay be lifted, that the motions to dismiss be granted, and that the case be closed. (ECF No. 21.) Plaintiff filed objections. (ECF No. 27.)

5. On November 7, 2024, District Judge Drozd DECLINED TO ADOPT those Findings and Recommendations, stayed the case pending entry of a final judgment in Plaintiff's criminal case, and referred the matter back to the magistrate judge. (ECF No. 28.) ECF No. 28 — not ECF No. 18 — is the operative stay order, and Defendants' motions to dismiss remain pending and undecided.

6. Pursuant to ECF No. 30, the parties filed status reports every ninety days. Throughout that period Plaintiff filed his status reports separately from Defendants, and the Court accepted each of them. (See ECF Nos. 31, 35, 41, 42, 46, 49, 51.)

7. On July 31, 2026, the Court found that the parties' status reports state that the underlying criminal proceedings before the Riverside County Superior Court have concluded and that all parties support lifting the stay, and ordered that within thirty days the parties file a motion or joint stipulation to lift the stay. (ECF No. 53.) This Motion is timely filed under that Order.

**III. THIS MOTION IS PROPERLY FILED BY PLAINTIFF ALONE**

8. The Court's Minute Order permits either "a motion or joint stipulation." (ECF No. 53.) A motion is by its nature filed by a single party. Plaintiff has elected that alternative because he is incarcerated and cannot readily negotiate, circulate, and obtain executed signature pages from counsel for two separate groups of Defendants within thirty days. No Local Rule requires a party to meet and confer before filing a non-discovery motion in this district; the conferral requirements of Local Rule 251 and of this Court's Civil Standing Orders apply to discovery matters. Defendants are protected in any event: under Local Rule 230(l) they have twenty-one days from service to oppose this Motion, and Plaintiff does not seek any relief adverse to them.

9. This is also how the parties have proceeded throughout the stay. Plaintiff filed each of his status reports separately (ECF Nos. 31, 35, 41, 42, 46, 49, 51), Defendants filed theirs separately, and the Court treated both sets as compliant — including in the Minute Order that prompted this filing.

**IV. THE STAY SHOULD BE LIFTED**

10. A stay endures only as long as the circumstances that justified it. The condition on which ECF No. 28 rested — the pendency of Plaintiff's criminal case — has been resolved, as the Court itself found in ECF No. 53. No party opposes lifting the stay. Continuing it would serve no purpose and would further delay an action now more than five years old.

**V. A DISCOVERY AND SCHEDULING ORDER SHOULD ISSUE**

11. Lifting the stay alone will not move this case forward. Because of the stay, no Answer has been filed, the initial scheduling conference was vacated (ECF No. 14), and no discovery of any kind has been taken. Federal Rule of Civil Procedure 16(b) directs the Court to issue a scheduling order, and doing so in the same order that lifts the stay avoids another round of motion practice simply to get the case moving.

12. Because Plaintiff is incarcerated and proceeds without an attorney, this action appears to be exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B)(iv) and, correspondingly, from the conference requirement of Rule 26(f)(1). Plaintiff therefore asks the Court to set discovery deadlines directly, as is the ordinary practice in this district for incarcerated pro se litigants, rather than to order a conference Plaintiff cannot practically attend. If the Court concludes the exemption does not apply, Plaintiff requests in the alternative that the Court order a Rule 26(f) conference to be conducted in writing or by telephone at a time the institution can accommodate, and set a date for Rule 26(a)(1) disclosures.

13. Plaintiff also requests a modest opportunity to supplement his 2021 opposition. Defendants' motion was briefed in May 2021; more than five years ago and a substantial change in circumstances have intervened, and the District Judge has already declined to adopt a

recommendation that the motion be granted. Defendants' motion is further supported by a request for judicial notice attaching four exhibits and by an attorney declaration. (ECF Nos. 11, 12.) If the Court intends to consider matters outside the pleadings, Rule 12(d) requires that the motion be treated as one for summary judgment and that *"all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."* Plaintiff requests that the Court set a date for supplemental briefing and, in the event of conversion, notice and an opportunity to respond under Rule 56, including the opportunity to seek relief under Rule 56(d). Plaintiff's access to legal materials is limited by his custodial status, and he asks that any deadline set for him account for that.

14. The deadlines Plaintiff proposes are set out below and in the concurrently lodged [Proposed] Order. They are stated in days from entry of the Court's order so that they remain workable whenever the Court rules.

| **Event** | **Proposed Deadline** |
|---|---|
| Stay lifted; action proceeds on the merits | Upon entry of the Order |
| Plaintiff's supplemental opposition to the pending motion to dismiss (ECF Nos. 9, 13) | 45 days after entry of the Order |
| Defendants' replies to the supplemental opposition | 14 days after service of the supplemental opposition |
| If the Court converts the motion under Fed. R. Civ. P. 12(d): notice to the parties and a date for Rule 56 opposition and any Rule 56(d) request | To be set by the Court, with not less than 60 days for Plaintiff's response |
| Defendants' answers to the Complaint as to any claims that survive | 14 days after notice of the Court's ruling (Fed. R. Civ. P. 12(a)(4)(A)) |
| Discovery opens; written discovery may be served | Upon entry of the Order |
| Last day to serve written discovery requests | 60 days before the close of fact discovery |
| Last day to amend pleadings, join parties, and substitute named defendants for Doe defendants | 120 days after entry of the Order |
| Close of fact discovery | 270 days after entry of the Order |
| Last day to file motions to compel and other non-dispositive discovery motions | The close of fact discovery |
| Initial expert disclosures (Fed. R. Civ. P. 26(a)(2)) | 30 days after the close of fact discovery |
| Rebuttal expert disclosures | 30 days after initial expert disclosures |
| Close of expert discovery | 90 days after the close of fact |

| | |
|---|---|
| | discovery |
| Last day to file dispositive motions | 60 days after the close of expert discovery |
| Final pretrial conference and trial | To be set by the Court |

## VI. SERVICE ON PLAINTIFF SHOULD CONTINUE AT HIS ADDRESS OF RECORD

15. Plaintiff advises the Court of his custodial status so that the Court may account for it in setting deadlines. He does not seek any change to his address of record, and he respectfully requests that the Court and all parties continue to serve him at 1920 Boston Way, Modesto, CA 95355-8918 — the address he designated in ECF No. 34 and at which the Court has served him since February 2025. Mail delivered to that address is received by Plaintiff's family, imaged and transmitted to him electronically the same day through the institution's approved Securus system, and a printed copy is then forwarded to him. That arrangement has proven reliable. Plaintiff has, by contrast, experienced recurring difficulty receiving legal mail directly at the institution, and redirecting service there would create a real risk that Court orders would not reach him. Because Plaintiff appears in pro per and every order in this case is served on him by mail, the reliability of that channel bears directly on his ability to meet the deadlines set in this action.

## VII. RESERVATION OF RIGHTS

16. This Motion is procedural. Nothing in it is an admission, concession, or waiver by Plaintiff as to any fact, claim, defense, or legal issue — including the merits of any claim or defense, the accrual or timeliness of any claim, the application of any tolling doctrine, the application of *Heck v. Humphrey*, 512 U.S. 477 (1994), or the status, outcome, or finality of any criminal proceeding. Plaintiff reserves all rights, claims, and objections.

## VIII. CONCLUSION

Plaintiff respectfully requests that the Court lift the stay in this action in its entirety and enter the discovery and scheduling order set forth in the concurrently lodged [Proposed] Order.

Dated this Friday, August 21, 2026.

Respectfully submitted,

By: /s/ Daniel C. Garcia

DANIEL CARLOS GARCIA
*Plaintiff, pro se*

//

//

**DECLARATION OF DANIEL CARLOS GARCIA**

I, Daniel Carlos Garcia, declare:

1. I am the Plaintiff in this action and appear in pro per. I have personal knowledge of the facts stated below and could testify competently to them if called as a witness.

2. I am presently incarcerated at California State Prison, Corcoran. I do not have telephone, email, or video access sufficient to negotiate the terms of a joint filing with counsel for Defendants, and I cannot circulate drafts or exchange executed signature pages within the thirty days the Court allowed. My written correspondence is subject to institutional processing that adds substantial delay in both directions.

3. My address of record in this action is 1920 Boston Way, Modesto, CA 95355-8918. (See ECF No. 34.) That remains the correct and most reliable address for service on me, and I respectfully ask that the Court and all parties continue to use it.

4. Mail sent to my address of record is received by my family, who photograph each document and upload it to me electronically through the Securus messaging system, so that I receive a copy the day it arrives. My family then prints and mails a copy to me by U.S. postal service first class mail. This arrangement has worked reliably. By contrast, I have repeatedly experienced problems receiving legal mail directly at the institution, and directing service there would create a substantial risk that I would not receive orders and filings in this case.

5. Throughout the period of the stay I have filed my status reports separately from Defendants, and the Court has accepted each of them. (ECF Nos. 31, 35, 41, 42, 46, 49, 51.)

6. For these reasons I file this Motion rather than a joint stipulation, as the Court's Minute Order of July 31, 2026 (ECF No. 53) expressly permits. A copy of this Motion is being served on all counsel of record by mail concurrently with its filing, as reflected in the accompanying Proof of Service.

7. I do not understand any Defendant to oppose lifting the stay. Both my status report (ECF No. 51) and Defendants' status report (ECF No. 52) so stated, and the Court so found (ECF

No. 53).

8. I am prepared to proceed with discovery on the schedule proposed in this Motion, or on any schedule the Court sets.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2026, at Corcoran, California.

**DANIEL CARLOS GARCIA**

# [PROPOSED] ORDER

The Court, having considered Plaintiff's Motion to Lift Stay and for Entry of a Discovery and Scheduling Order, filed pursuant to the Court's Minute Order of July 31, 2026 (ECF No. 53), and good cause appearing, HEREBY ORDERS:

1. The stay entered in this action (ECF No. 28) is LIFTED in its entirety, and this action shall proceed on the merits.

2. Plaintiff may file and serve a supplemental opposition to Defendants' pending motion to dismiss (ECF Nos. 9, 13) within forty-five (45) days of the date of this Order. Defendants may file and serve replies within fourteen (14) days of service of the supplemental opposition.

3. If the Court elects to consider matters outside the pleadings, the motion shall be treated as one for summary judgment under Federal Rule of Civil Procedure 12(d), the parties shall be so notified, and Plaintiff shall be afforded not less than sixty (60) days to respond under Rule 56, including any request for relief under Rule 56(d).

4. Defendants shall answer or otherwise respond to the Complaint as to any claims that survive the pending motion within fourteen (14) days after notice of the Court's ruling on that motion, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A).

5. Discovery is OPEN as of the date of this Order. This action being exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B)(iv), no Rule 26(f) conference and no Rule 26(a)(1) disclosures are required. All written discovery requests shall be served no later than sixty (60) days before the close of fact discovery.

6. The last day to amend the pleadings, join additional parties, and substitute named defendants for Doe defendants is one hundred twenty (120) days from the date of this Order.

7. Fact discovery shall close two hundred seventy (270) days from the date of this Order. All motions to compel and other non-dispositive discovery motions shall be filed no later than the close of fact discovery.

8. Initial expert disclosures are due thirty (30) days after the close of fact discovery;

rebuttal expert disclosures are due thirty (30) days thereafter; and expert discovery shall close ninety (90) days after the close of fact discovery.

9. Dispositive motions shall be filed no later than sixty (60) days after the close of expert discovery.

10. The final pretrial conference and trial shall be set by further order of the Court.

11. Plaintiff's address of record remains 1920 Boston Way, Modesto, CA 95355-8918. Notwithstanding Plaintiff's custodial status, the Clerk and all parties shall continue to serve Plaintiff at that address.

**IT IS SO ORDERED.**

DATED: ______________________

______________________________
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

**Case Name:** ***Garcia v. Sacramento, et al.*** **Case Number: 2:21-CV-00036-DAD-CSK**

I reside and work in the County of Stanislaus, State of California. I am a citizen of the United States, over the age of 18 and not a party to the within action; my business address is 2601 Oakdale Road, Suite H-2, #175, Modesto, California 95355. My electronic service address is DanielCGarciaLegal@outlook.com.

On the date set forth below, I served the foregoing document(s) described as: **PLAINTIFF'S MOTION TO LIFT STAY AND FOR ENTRY OF A DISCOVERY AND SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL CARLOS GARCIA; [PROPOSED] ORDER** on the interested parties at the addresses set forth below:

**Derick E. Konz**
**ANGELO, KILDAY & KILDUFF, LLP**
601 University Ave., Suite 150
Sacramento, CA 95825-6706
dkonz@akk-law.com
*Attorney for Defendants City of Sacramento, and all "City Defendants"*

**Jonathan B. Paul, SBN 215884**
**HEWITT & PAUL LLP**
2355 Gold Meadow Way
Suite 170
Gold River, CA 95670
Phone: (916) 922-1200
jpaul@hewittpaul.com
*Attorney for Defendants County of Sacramento and John McGinness*

☒ **(BY FIRST CLASS MAIL)** I deposited with U.S. postal service on that same day as shown on this declaration with First Class postage thereon and fully prepaid at Modesto, California.

☒ **(BY ELECTRONIC MAIL (PDF FORMAT))** Based on a court rule or an agreement of the parties to accept service by electronic transmission, I caused said document to be transmitted electronically to the interested parties at the email addresses listed above.

I declare under perjury under the laws of the United States of American and the State of California that the above is true and correct.

Executed on this Monday, August 24, 2026, at Modesto, California.

Tseme J. Garcia
_________________________
Tseme J. Garcia