DERICK E. KONZ, ESQ., SB No. 286902
Email: dkonz@akk-law.com
JACOB J. GRAHAM, ESQ., SB No. 340295
Email: jgraham@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendants CITY OF SACRAMENTO, DANIEL HAHN, RICK BRAZIEL, RICHARD GAUTIER, STEVE HANSEN, RICHARD HITCHCOCK, STEVE GLEN, A. RICHARDSON and D. POIRIER

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL CARLOS GARCIA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, et al.<br><br>Defendant. | Case No.: 2:21-CV-00036-DAD-CSK(PS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF SACRAMENTO, DANIEL HAHN, RICK BRAZIEL, RICHARD GAUTIER, STEVE HANSEN, RICHARD HITCHCOCK, STEVE GLEN, A. RICHARDSON AND D. POIRIER'S MOTION TO DISMISS COMPLAINT** |

Pursuant to ECF No. 58 and Fed. R. Civ. P 12(b)(6), Defendants CITY OF SACRAMENTO, DANIEL HAHN, RICK BRAZIEL, RICHARD GAUTIER, STEVE HANSEN, RICHARD HITCHCOCK, STEVE GLEN, A. RICHARDSON and D. POIRIER ("City Defendants") move to dismiss Plaintiff's Complaint (ECF No. 1):

## I. INTRODUCTION

Plaintiff has since been sentenced in the underlying criminal case. The City Defendants therefore renew their request for dismissal on the grounds previously recommended by the magistrate judge. (*See* ECF Nos. 21, 28).

## II. BACKGROUND

Plaintiff's 2012 murder conviction in Riverside County Superior Court was vacated in 2020. (ECF No. 1 at ¶ 36). He filed this action on January 7, 2021, while awaiting retrial. (*See e.g.* ECF No. 1; ECF No. 15-2 at 5). The Complaint alleges that the City Defendants wrongfully caused his prosecution, conviction, and imprisonment. (*Id.* at ¶¶ 160, 166, 185). Defendants County of Sacramento and former Sheriff McGinness moved to dismiss in April 2021, and the City Defendants joined the motion (ECF Nos. 9, 10, 13). In April 2022, the Court stayed the case pending Plaintiff's retrial. (ECF No. 18). Plaintiff was convicted again in October 2023. (RJN, ¶ 1, **Ex. A** at 13). In February 2024, the previously assigned magistrate judge recommended that the stay be lifted, that Claims I, II, VII, VIII, IX, X, and XII be dismissed without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994) because Plaintiff had been convicted again in the prosecution those claims attack, and dismissed the state law claims with prejudice because Plaintiff did not present a government claim before suing. (ECF No. 21 at 5-10).[1]

[1] The findings and recommendations summarize Plaintiff's allegations and twelve causes of action. (ECF No. 21 at 2-3). Specifically, as to the City Defendants, Plaintiff alleges that Detectives Glen, Hitchcock, and Hansen arrested and questioned him, booked him into custody, and searched and seized his property. (¶¶ 89-114, 119, 183, 191-6, 224). Sergeant Gautier allegedly supervised the unit and directed the seizure. (¶¶ 19, 78, 109, 196). Det. Hansen later authorized the release of Plaintiff's property to the Palm Springs Police Department, where Ofc. Poirier and Ofc. Richardson carried out the transfer. (¶¶ 23-4, 117-8, 233). Plaintiff also alleges that the detectives withheld exculpatory evidence. (¶¶ 241-5). As for the remaining defendants, Plaintiff identifies Chief Hahn, sued only in his official capacity, and former Chief Braziel by their respective positions and does not allege facts showing any personal involvement. (¶¶ 17-8). The claims against the City are based on *Monell* and California Government Code § 815.2. (¶¶ 255-64, 273-6).

In November 2024, the District Judge declined to adopt the recommendation, finding that *Younger* abstention favored a continued stay pending entry of a final judgment in the criminal case. (ECF No. 28.) Plaintiff was sentenced on April 25, 2025, sentence on two additional burglary counts was imposed on May 22, 2026, and amended abstracts of judgment were filed on May 29, 2026. (RJN, ¶¶ 2-3, **Ex. A** at 14; **Ex. B**. at 7; **Ex. C**). Plaintiff filed a notice of appeal on May 26, 2026. (RJN, ¶ 4, **Ex. B** at 7-8). On Plaintiff's motion in this case, the Court lifted the stay, denied the 2021 motion without prejudice to renewal, and ordered all defendants to answer or renew their motions. (ECF Nos. 54, 57, 58.)

## III. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, *supra*, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal citations and quotation marks omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, supra, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

## IV. LAW & ARGUMENT

### A. THE FEDERAL CLAIMS ARE BARRED BY *HECK*

The Complaint's theory is that the City Defendants' unwarned-questioning of Plaintiff and that their seizure and withholding of evidence produced the charges and first conviction. On these

allegations, the previously assigned magistrate judge found the interrogation, search-and seizure, nondisclosure, and conspiracy claims (Claims I, II, VII, and VIII) are barred by *Heck*, 512 U.S. at 487, that the *Monell* and supervisory claims (Claims IX and X) fall within them, and that Claim XII is a request for relief, not a standalone claim. (ECF No. 21 at 6-7, fn. 4). The District Judge declined to adopt the recommendation only for *Younger* purposes because Plaintiff had not been sentenced yet in the second prosecution. (ECF No 28 (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

As it did before, the Court may take judicial notice of the Riverside County Superior Court records, which reflect Plaintiff has been retried in the criminal case and convicted again of first-degree murder with the financial-gain special circumstance, conspiracy, and related theft offenses. (ECF No. 21 at 2, fn. 2); RJN, ¶¶ 1-3, **Exs. A-C**. The records also reflect Plaintiff has since been sentenced and abstracts of judgment have been filed. *Id*. With judgment now entered in the criminal case, the magistrate judge's analysis applies. And given the Complaint addresses only the first prosecution and nothing in the judicially noticed record suggests the second conviction in the same case rests on a different basis than the first, the City Defendants request dismissal of all federal claims consistent with the earlier recommendation.

### B. THE STATE LAW CLAIMS ARE BARRED BY THE GOVERNMENT CLAIMS ACT

The findings and recommendation correctly dismissed Claims III, IV, V, VI, and XI with prejudice because the Complaint does not allege timely compliance with California's Government Claims Act. (*See* ECF No. 21 at 8); *see also* Cal. Gov. Code §§ 945.4, 950.2. Nothing has changed since then. The City Defendants therefore request these claims be dismissed consistent with the earlier recommendation.

///

///

///

///

///

///

## V. CONCLUSION

For the foregoing reasons, the City Defendants respectfully request that the Court dismiss every claim against them as previously recommended.

Dated: October 16, 2026

ANGELO, KILDAY & KILDUFF, LLP

By: */s/ Jacob J. Graham*

DERICK E. KONZ
JACOB J. GRAHAM
Attorneys for Defendants CITY OF SACRAMENTO, DANIEL HAHN, RICK BRAZIEL, RICHARD GAUTIER, STEVE HANSEN, RICHARD HITCHCOCK, STEVE GLEN, A. RICHARDSON and D. POIRIER

CASE NAME: *Garcia v. City of Sacramento, et al.*
COURT: USDC, Eastern District of California
CASE NO. 2:21-CV-0036-DAD-CSK(PS)

**PROOF OF SERVICE**

I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 601 University Avenue, Suite 150, Sacramento, California 95825. I am over the age of 18 years and not a party to the above-entitled action.

On October 16, 2026, I served the parties in this action listed below the following document(s) described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF SACRAMENTO, DANIEL HAHN, RICK BRAZIEL, RICHARD GAUTIER, STEVE HANSEN, RICHARD HITCHCOCK, STEVE GLEN, A. RICHARDSON AND D. POIRIER'S MOTION TO DISMISS COMPLAINT**

The above-named document(s) were served by the following means (*specify*):

☒ MAIL - I am readily familiar with Angelo, Kilday & Kilduff's practice for collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to said practice, each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and deposited in a U.S. mailbox at or before the close of each day's business. (Code Civ. Proc. section 1013a(3)) or Fed.R.Civ.P. 5(a) and 4.1; USDC (E.D. CA) L.R. 5-135(a).)

<u>SERVICE LIST</u>

**<u>Plaintiff:</u>**
Daniel Carlos Garcia
1920 Boston Way
Modesto, CA 95355-8918
DanielCarlosGarcia@comcast.net

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made . I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on October 16, 2026 at Sacramento, California.

*/s/ Sarah Kelly*
SARAH KELLY